UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ENRIQUE RUBIO ROJAS, OSCAR SARAVIA,
DAVID ANTONIO HERNANDEZ UMANA,
JOSE ROLANDO OSORIO, JUAN ARMANDO
HERNANDEZ, and BARTOLO ADELIO
CORTEZ, on behalf of themselves and all others
similarly situated,

MEMORANDUM AND ORDER

CV 15-5809

(Wexler, J.)

Plaintiffs,

-against-

SPLENDOR LANDSCAPE DESIGNS LTD.,
and ROBERT HIRSCH, individually,

Defendants.

--------------------------------------------------------X

APPEARANCES:

LAW OFFICE OF PETER A. ROMERO PLLC
BY:    Peter A. Romero, Esq.
Attorney for Plaintiffs
103 Cooper Street
Babylon, New York  11702

CHARLES, PASCAL, COHEN P.C.
BY:    Shawn Cohen, Esq.
Attorneys for Plaintiffs
405 RXR Plaza
Uniondale, New York  11556

McLAUGHLIN & STERN, LLP
BY:    Jose Santiago, Esq.
Attorneys for Plaintiffs
260 Madison Avenue
New York, New York  10016

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    JUL 3 1 2017    ★

LONG ISLAND OFFICE

LAW OFFICES OF HOWARD E. GREENBERG, ESQ., P.C.
BY:    Howard E. Greenberg, Esq.
       Craig Blanchard, Esq.
Attorneys for Defendants
180 East Main Street, Suite 308
Smithtown, New York  11787

WEXLER, District Judge:

Before the Court is Plaintiffs' motion for partial summary judgment with respect to

Defendants' liability under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and

the New York Labor Law ("NYLL"). Defendants oppose the motion. For the following reasons,

Plaintiffs' motion for partial summary judgment is granted.

## BACKGROUND

This is a collective action brought by current and former employees of Defendant

Splendor Landscape Designs Ltd. ("Splendor") to recover inter alia unpaid overtime wages,

pursuant to the FLSA and the NYLL. Defendant Robert Hirsch ("Hirsch") is the sole owner of

Splendor. The relevant facts, which are largely undisputed, are taken from the parties' Local

Civil Rule 56.1 Statements, unless otherwise noted.

By letter dated April 3, 2015, the United States Department of Labor ("DOL") formally

advised Defendants that it had initiated an investigation (the "DOL Investigation") into

Splendor's pay practices for the period 2012 through 2015.[1] The DOL Investigation concluded

that all of Splendor's employees were paid straight time for all hours worked, including those

---

[1] This was the second investigation the DOL conducted with respect to Splendor's pay practices. The first DOL investigation concluded that Splendor had violated the FLSA and Defendants were directed to pay back wages.

worked over forty in a workweek. During his deposition, Defendant Hirsch confirmed that Splendor paid its employees at their regular rate of pay for all hours worked and that it did not pay its employees overtime wages for those hours worked in excess of forty in a given week.

The DOL Investigation further concluded that Splendor falsified its time and payroll records to make it appear as if its employees were paid overtime wages. Plaintiffs' pay stubs produced by Defendants during discovery indicate that Plaintiffs worked more than forty hours in some weeks. However, Hirsch testified at his deposition that the Plaintiffs' paystubs do not accurately reflect all of the hours Plaintiffs worked or their rates of pay. Rather, Plaintiffs worked additional hours that are not indicated on their pay stubs, for which they were paid in cash at their regular rate of pay. Moreover, Plaintiffs were paid at higher hourly rates than the rates indicated on their pay stubs.

Plaintiffs commenced the within action on October 8, 2015, alleging violations of the FLSA and the NYLL. Discovery having concluded, Plaintiffs now move for partial summary judgment, solely with respect to liability. Defendants oppose the motion on the grounds that there are questions of fact concerning Plaintiffs' credibility.

## DISCUSSION

I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard reveals that an otherwise

properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.     Overtime Under The FLSA and the NYLL

"Under the FLSA, employees who work more than 40 hours per week must be

compensated for each hour worked over 40 'at a rate not less than one and one-half times the regular rate at which [they are] employed.'" Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)). Similarly, the NYLL also requires employers to compensate employees at one and one-half times the employee's regular rate for hours worked in excess of forty per week. See N.Y. Labor Law § 650 et seq.

There is no question here that Defendants violated the FLSA and the NYLL by failing to pay Plaintiffs overtime compensation for hours worked in excess of forty. Not only did Hirsch confirm this failure at his deposition but the DOL Investigation concluded that Defendants violated the FLSA's overtime provisions as well. Accordingly, there is no genuine issue of material fact concerning Plaintiffs' claims for failure to pay overtime wages under both the FLSA and the NYLL and Plaintiffs' motion for partial summary judgment is granted for those claims.


II.    Individual Liability Under the FLSA

"To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)). The Second Circuit has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). In determining the economic reality of an employment relationship, the Court should consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 105 (citing Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984) (additional citation omitted). Courts should also consider whether the individual has "operational control"[2] over the company, as well as the totality of the circumstances. Irizarry, 722 F.3d at 104, 106-10.

It is undisputed that Hirsch is the sole owner and operator of Splendor. As Hirsch testified at his deposition, he is responsible for "everything" at Splendor. Moreover, Defendants utterly fail to address this claim in their opposition to the within motion. Since the evidence demonstrates that there are no other individuals who could possibly be responsible for the operational control of Splendor - and since Defendants do not oppose the motion with respect to this claim - the Court finds that there is no genuine issue of material fact with respect to Hirsch's individual liability. Accordingly, Plaintiffs' motion for summary judgment is granted as to this claim. Any damages that Plaintiffs ultimately recover will be awarded jointly and severally against Defendants Hirsch and Splendor.

III.  Willfulness

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act. Young, 586 F.3d at 207 (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). Similarly, a willful violation of the NYLL will be found where the employer "knowingly, deliberately, [or]

---

[2] "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Irizarry, 722 F.3d at 110.

voluntarily disregards its obligation to pay wages." Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (quoting P&L Group, Inc. v. Garfinkel, 541 N.Y.S.2d 535, 537 (2d Dep't 1989). "Mere negligence is insufficient." McLaughlin, 486 U.S. at 133.

Where a court finds that a defendant has acted willfully under the FLSA, the statute of limitations is extended from two years to three.[3] See 29 U.S.C. § 255 (a). The burden of demonstrating willfulness lies with the Plaintiffs. See Young, 586 F.3d at 207 (citing RSR Sec. Servs., 172 F.3d at 141).

Here, it is undisputed that Defendants have been the subject of a DOL investigation on two separate occasions. In both investigations, Defendants were found to have violated the FLSA by failing to pay overtime wages. Accordingly, there is no genuine issue of fact here with respect to Defendants' willfullness. Having been advised by the DOL of their violation of the FLSA - and in the first investigation, being ordered to pay back wages - Defendants were clearly on notice that the failure to pay overtime wages violated the FLSA. Yet, Defendants continued to commit the same violation. Accordingly, Plaintiffs' motion for partial summary judgment is granted with respect to Defendants' willfullness and the statute of limitations for Plaintiffs' FLSA claim is extended from two years to three.

IV.     Liquidated Damages

Pursuant to the FLSA, an employer who violates the Act's minimum wage or overtime provisions "shall be liable to the . . . employees affected in the amount of their unpaid minimum

---

[3] The statute of limitations under the NYLL is six years, regardless of whether the violation is willful. See N.Y. Labor Law § 663(1), (3).

wages, or their unpaid overtime compensation, as the case may be, and in an additional equal

amount as liquidated damages." RSR Sec. Servs., 172 F.3d at 142 (quoting 29 U.S.C. § 216(b)).

"Liquidated damages are not a penalty exacted by the law, but rather compensation to the

employee occasioned by the delay in receiving wages due caused by the employer's violation of

the FLSA." RSR Sec. Servs., 172 F.3d at 142 (citing Overnight Motor Transp. Co. v. Missel,

316 U.S. 572, 583-84 (1942)).

While an award of liquidated damages is typically presumed under the FLSA, it is within

the Court's discretion to deny an award of liquidated damages where the employer demonstrates

that, despite the failure to pay appropriate wages, "the employer acted in subjective 'good faith'

and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to

the failure did not violate the FLSA." RSR Sec. Servs., 172 F.3d at 142 (quoting 29 U.S.C. §

260). The employer bears the burden of demonstrating "good faith," which requires a showing

that "it took 'active steps to ascertain the dictates of the FLSA and then to comply with them.'"

Barfield v. N.Y.C. Health and Hosps. Corp., 537 F.3d 132, 150 (2d Cir. 2008) (quoting RSR Sec.

Servs., 172 F.3d at 142)). The Second Circuit has "characterized the employer's burden as 'a

difficult one,' emphasizing that 'double damages [are] the norm and single damages the

exception.'" Barfield, 537 F.3d at 150 (quoting RSR Sec. Servs., 172 F.3d at 142) (additional

citation omitted).

By contrast, prior to 2009, the liquidated damages provision of the NYLL "entitled

employees to liquidated damages only in the amount of twenty-five percent of wages owed, and

only if the employee proved that the employer's violation of the statute was 'wilful.'"

Chowdhury v. Hamza Express Food Corp., 666 Fed. App'x 59, 60 (2d Cir. 2016). In 2009, the

NYLL was amended to mandate an award of liquidated damages "unless the employer could prove its good faith," mirroring the FLSA's liquidated damages provision. Id. The NYLL was amended again in 2010 to increase the amount of liquidated damages from twenty-five percent to one hundred percent of the total wages due. See id. (citing Ryan v. Kellogg Partners Institutional Servs., 19 N.Y.3d 1, 10 n.8 (2012)).

The NYLL is silent, however, as to whether liquidated damages can be recovered where such damages are also awarded under the FLSA. See Chowdhury, 666 Fed. App'x at 61. The Second Circuit has held that liquidated damages are not recoverable under both statutes, finding that such an award would amount to double recovery. See id. Rather, the Second Circuit has interpreted the NYLL's liquidated damages provision "as satisfied by a similar award of liquidated damages under the federal statute." Id.

Applying the foregoing standards to the instant action, the Court finds that Plaintiffs are entitled to summary judgment on their liquidated damages claim. Defendants are unable to demonstrate that they were acting in good faith to overcome the presumption of liquidated damages based on the fact that they were the subject of a prior DOL investigation, in which they were advised of their violation of the FLSA and directed to pay back wages. Defendants were clearly on notice of the requirements of the FLSA, yet chose once again not to comply with them. See RSR Sec. Servs., 172 F.3d at 142 (affirming liquidated damages award where employer "had extensive knowledge of the FLSA's requirements, but utterly failed to take the steps necessary to ensure [its] pay practices complied with the Act").

Accordingly, there is no genuine issue of material fact with respect to Plaintiffs' claim for liquidated damages and Plaintiffs' motion for summary judgment is granted with respect to this

claim. However, as set forth above, Plaintiffs will only be entitled to an award of liquidated damages under the FLSA, which will similarly satisfy the liquidated damages provision of the NYLL.


V.      The Wage Theft Prevention Act

Section 195(3) of the NYLL, known as the Wage Theft Prevention Act ("WTPA"), "obligates an employer to furnish each employee with a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details." Franco v. Jubilee First Ave. Corp., No. 14-CV-7729, 2016 U.S. Dist. LEXIS 114191, at *43 (S.D.N.Y. Aug. 25, 2016) (citation omitted). "An employer's failure to comply with § 195(3) results in a civil penalty of $250 for each violation up to $5,000 per employee." Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460, 467 (E.D.N.Y. 2015).

Typically, a WTPA claim involves an employer's failure to provide its employees with a wage statement altogether. That is not the case here. It is undisputed that Defendants did, in fact, provide Plaintiffs with wage statements, as required under § 195(3). However, Plaintiffs claim that Defendants violated the WTPA because the wage statements provided did not accurately reflect the hours actually worked by Plaintiffs as well as their correct rates of pay. It is not clearly settled in this district whether such circumstances evince a violation of the WTPA.

In a matter of first impression in this district, Judge Block found that where defendants maintained "inaccurate time records" and paid plaintiffs "according to those inaccurate time records," rather than the hours actually worked, a violation of the WTPA was adequately pled.

-10-

Copper, 132 F. Supp. 3d at 468. This Court agrees with Judge Block.

Here, it is undisputed that the wage statements furnished to Plaintiffs were inaccurate in that they did not reflect all of the hours worked by Plaintiffs. Nor did they reflect Plaintiffs' actual pay rates. Accordingly, the Court finds that there is no genuine issue of material fact with respect to Plaintiffs' claim for a violation of the WTPA. Plaintiffs' motion for summary judgment is granted with respect to this claim.

VI.    Defendants' Opposition to Plaintiffs' Motion

Defendants' entire opposition to the within motion relies upon an affidavit submitted by Jose Madrid ("Madrid"), a current employee of Splendor who states that Plaintiffs solicited him to join the within action, encouraging him to inflate and increase the hours alleged to have been worked in order to increase the damages Plaintiffs might recover. Madrid also states that, contrary to their claims, Plaintiffs hardly ever worked overtime. (Greenberg Decl., Ex. A.) According to Defendants, Madrid's affidavit creates triable issues of fact pertaining to Plaintiffs' credibility.

While Defendants are correct that there appear to be questions surrounding Plaintiffs' credibility, these questions go to the amount of damages Plaintiffs may be entitled to, not liability. Rather, the evidence presented - namely, the DOL Investigations and Hirsch's deposition testimony - clearly establish Defendants' liability under both the FLSA and the NYLL, as discussed above. Accordingly, although the Court finds in favor of Plaintiffs with respect to liability, a trial is necessary to determine what, if any, damages Plaintiffs are entitled to recover.

-11-

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is granted. There are no genuine issues of material fact concerning Defendants' liability for unpaid overtime compensation, liquidated damages and statutory damages under the FLSA and the NYLL. Moreover, the Court finds the Defendants' actions to be willful, extending the statute of limitations under the FLSA from two years to three. Finally, the Court finds that Defendant Hirsch is individually liable under the FLSA and any damages recovered by Plaintiffs will be imposed jointly and severally against Defendants.


**SO ORDERED:**

Dated: Central Islip, New York
       July 31, 2017

LEONARD D. WEXLER
United States District Judge